State v. Alston

STATE OF NORTH CAROLINA v. DORSEY ALSTON

No. 7315SC213

(Filed 28 March 1973)

1. Homicide § 19— exclusion of questions concerning deceased's reputation for violence

The trial court in a homicide prosecution did not err in sustaining the State's objections to questions concerning deceased's reputation as a violent and dangerous fighting man where, at the time the questions were propounded, there had been no evidence that defendant acted in self defense, where there was no evidence that defendant was aware of the violent and dangerous character of deceased when the killing occurred, and where the record does not disclose what the answers of the witnesses would have been.

2. Homicide § 25— submission of first degree murder — harmless error

Conviction of second degree murder rendered harmless error, if any, in submitting to the jury the question of defendant's guilt of first degree murder, absent some showing that the verdict of guilty of second degree murder was affected by the submission of the greater offense.

APPEAL by defendant from Cooper, Judge, 4 September 1972 Session of Superior Court held in ORANGE County.

Defendant was charged in a bill of indictment with the murder of George Alvis Johnson.

At about 11:00 p.m. on 24 June 1972, a group of people assembled for a dance sponsored by the Elks Lodge at the Roberson Street Community Center in Chapel Hill. The State's evidence tended to show: that, at about 11:30 p.m., defendant obtained a butcher knife from the home of one Mary Harris; that a fight took place between defendant and deceased about forty-five minutes later; that one Willy B. Harris saw defendant stab deceased with the butcher knife; that defendant later had blood on his shirt and left the bloody butcher knife in the yard of one Clarence Hargraves; and that the body of deceased disclosed twelve stab wounds.

Defendant offered evidence which tended to show: that he was attacked by deceased and four other men; that he drew the butcher knife to protect himself; and that he did not intend to kill anyone.

The jury returned a verdict of guilty of murder in the second degree. Judgment of confinement for a term of twenty-five years was entered. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Hensey, for the State.*

*Michael D. Levine, for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge sustained the State's objection to questions concerning deceased's reputation as a violent and dangerous fighting man. In a homicide prosecution, where there is evidence of self-defense, the general character of the deceased as a violent and dangerous man is competent, if such character was known to the defendant. *State v. Johnson,* 270 N.C. 215, 154 S.E. 2d 48. However, at the time defendant propounded the questions to which the State objected, there had been no evidence offered that defendant acted in self-defense, nor had there been evidence that defendant was aware of the violent and dangerous character of the deceased. In fact, when defendant later testified, although he testified that he acted to protect himself from an attack by deceased and four other men, he stated that he did not know deceased very well, "but just by people calling him Abbie." Defendant also testified that there was no reason why Abbie might have jumped on him and that he was surprised that he had. Nowhere in defendant's evidence was there any indication that defendant thought that deceased had the character or reputation of being a violent and dangerous man. Additionally, the record does not disclose what the answers of the witnesses would have been. In the absence of such showing we cannot hold that the exclusion of the answer was prejudicial. This assignment of error is overruled.

[2] Defendant assigns as error that the trial judge submitted to the jury, and instructed thereon, the issue of first degree murder. The jury actually found defendant guilty of only second degree murder.

"Where defendant is convicted of murder in the second degree, any error in the instructions of the court relating to murder in the first degree cannot be held prejudicial in the absence of a showing that the verdict of second degree murder was thereby affected." 4 Strong, N. C. Index 2d, Homicide, § 32, p. 261. There is no such showing in this case. "Also, a verdict of guilty of murder in the second degree renders immaterial the court's refusal to direct a verdict of not guilty to

the capital charge." 4 Strong, N. C. Index 2d, *supra. See also State v. Sallie*, 13 N.C. App. 499, 186 S.E. 2d 667. This assignment of error is overruled.

No error.

Judges MORRIS and PARKER concur.